## M. H. WRIGHT v. JOHN BONTA.

The rules prescribed by this Court for the District Clerks, in the preparation of transcripts, are directory, and will not be enforced so as to defeat substantial rights, pursued with reasonable diligence.

The requirement of the Statute, that the District Clerk shall indorse on the transcript the day on which it was demanded, and the day on which it is delivered, is for the benefit of the party demanding it; and the failure of the Clerk to make the indorsement, is not good ground for dismissing the appeal.

Time was given in this case for the appellant to procure and file a proper transcript.

Where it was proved that A was present when B bought from C a cow, which C had previously sold to A, and that A did not then claim the cow, A proved that he did not then know that it was the same cow, and recovered.

In a controversy respecting the ownership of personal property, where it appears, from evidence introduced, that both parties claim by purchase from the same person, such person is not a competent witness on behalf of the last purchaser, without a release, to prove that he had not previously sold the same property to the other.

Appeal from Hunt. Tried below before the Hon. William S. Todd.

Suit by Bonta against Wright for a cow and calf, commenced in a Justice's Court, where Bonta had judgment, from whence the suit was removed by Wright to the District Court by *certiorari*.

Plaintiff proved by a witness, Gray, that the cow was one of seven purchased by plaintiff, from a man by the name of Wimberly, in the Spring of the year 1854; that the marks and brand were not altered; that they continued to run in same range; that plaintiff was a single man, had no home and hired out; that witness and Wimberly lived about a quarter of a mile apart on the prairie; that about twelve months after the purchase by plaintiff, witness and plaintiff found the cow in controversy with her brand and mark altered into defen-

dant's mark and brand ; that defendant refused to give her up, but agreed to go and see Wimberly ; that Wimberly and defendant walked off some distance and held a private conversation, and then each walked off, saying nothing to plaintiff. This witness proved that plaintiff saw very little of the cattle, and that he, witness, had charge of them for plaintiff.

Defendant proved that plaintiff was present when Wimberly sold defendant a lot of cattle, including the cow in controversy, and that plaintiff assisted to herd and divide them, and made no claim to the cow in controversy. Another witness testified that on a certain occasion, in Wimberly's stock range, where plaintiff's cattle ran with Wimberly's, there being present about twenty-five head of cattle, among which was the cow in controversy, witness proposed to buy said cow of Wimberly, in presence of plaintiff; that Wimberly refused to sell her because she was his wife's, and plaintiff then made no claim to the cow, but pointed out others which he said were his. This was in January or February, 1855. The defendant then introduced witnesses to prove that Gray was unworthy of belief.

Plaintiff, in conclusion, testified himself that he did not know the cow at the time Wimberly was selling her to defendant, that he had not seen her from the time he purchased her from Wimberly up to that time. He also called witnesses to rebut the testimony of defendant's witnesses as to the character of witness Gray.

The Court charged the jury as follows ;

Both parties claim title by purchase from the same person ; and if there were no extraneous matter, it would be necessary for the jury only to inquire who first purchased the cow, and render a verdict in his favor. But it is contended by the defendant that the plaintiff is estopped from setting up his title to the property, because he stood by and permitted the sale and delivery to defendant, not making known his right at the time. Under this state of facts, the plaintiff would be es-

Wright v. Bonta.

topped, because the law would not permit a fraud thus to be practiced upon an innocent person. But there may be circumstances which might take the case from under this rule of law ; and ignorance on the part of the real owner, as to his right at the time, would be one. (Further as to the impeachment of Gray's character, not important.)

There was a charge asked by defendant as to the effect of allowing property to remain in the possession of the seller, by whom it is afterwards sold to an innocent purchaser. This charge was signed by the Judge ; but it did not appear whether it was given or refused.

Verdict and judgment for plaintiff. Motion for new trial overruled, &c.

It appeared from a bill of exceptions, that defendant had taken the deposition of Wimberly to prove that the cow in controversy was not one of those he had sold to plaintiff; and that, on objection to Wimberly's competency, the deposition was excluded.

In this Court appellee moved to dismiss the appeal, on the following grounds :

1st. Because the transcript is not made out in accordance with rules prescribed by this Court, in this, that the proceedings of the Court below are not stated in " the order of time in which they did occur," and for that there is not left a "margin of sufficient width," and for that the Clerk has not noted " the name of each proceeding " in said margin, nor " the time of its being filed."

2d. Because there is no indorsement upon the transcript, of the time of its demand by appellant of the Clerk of Hunt District Court, or of the time of its delivery.

*S. H. Morgan*, for appellant.

*T. J. & J. H. Rogers* and *Warner*, for appellee.

ROBERTS, J.   The first ground of the motion is based on the rules of the Supreme Court prescribed for the government of District Clerks in the preparation of transcripts.   They are directory to the Clerk, and should not be enforced so as to defeat substantial rights, pursued with reasonable diligence. (Mays and another vs. Forbes, 9 Tex. R. 436.)   The Clerk has neglected to insert the filing of any of the papers of the cause, either in the margin or otherwise ; and has failed to comply with those rules referred to in the motion, by which, when properly observed, the Court is more readily enabled to comprehend the record.

The second ground of the motion is based on the Statute ; which prescribes that the Clerk " shall indorse on the copy (the transcript;) the day on which it is demanded, and the day on which it is delivered, and sign his name as clerk thereto." (Hart. Dig. Art. 792.) This provision is presumed to be mainly for the benefit of the party demanding the copy, to enable him to show the diligence he has used to forward the transcript to the Supreme Court.   The same Section prescribes the penalty incurred by the Clerk upon a failure to comply with these directions for the perfection of the transcript.

So great are the irregularities, and so flagrantly have the rules of the Court and directions of the law been violated, in the attempt to make the transcript in this case, that the Court feel bound to dismiss it, unless immediate measures be adopted by appellant to bring into Court a more perfect record.

(A proper transcript having been sent up, Roberts, J., delivered the opinion of the Court on the merits, as follows :)

This was an action brought by Bonta, to recover a cow and calf, or their value, before a Justice of the Peace.   He recovered a judgment, and Wright brought the case into the District Court by *certiorari*, when Bonta again recovered, and Wright took an appeal to the Supreme Court.   The errors assigned are :

1st. The verdict is contrary to law.

2d. The verdict is contrary to evidence.

3d. The verdict was more than the evidence justified, and was excessive.

4th. The Court erred in excluding the evidence of Wimberly, who was a competent witness.

5th. The Court erred in not granting a new trial.

Bonta proved by a witness who was sought, though unsuccessfully, to be impeached, that the cow was his. This was attempted to be rebutted, by showing that Bonta was present when Wright bought the cow of Wimberly, and did not then claim the cow. Bonta obviated this defence, by proving that he did not then know that this was the same cow which he had bought of Wimberly.

The charge of the Court was most favorable to Wright, and therefore furnishes no ground of exception.

At the trial the evidence of Wimberly was offered to be read by Wright to establish his right to the cow, which Bonta objected to, because defendant Wright claimed to have bought the cow in controversy from said witness, which objection was sustained by the Court, to which defendant excepted. The objection here intended to be taken was, that Wimberly was interested in the event of the suit, by having sold the cow to Wright. The controversy was, whether Wimberly had sold the same cow twice, as contended for by Bonta, or had sold two different cows, as contended by Wright. If he swore that he had sold two different cows, and procured a verdict for Wright, no liability accrued against him ; but if he swore it was one and the same cow sold both times, and procured a verdict for Bonta, he made himself liable at once to Wright, the last purchaser, for having sold him a cow that did not then belong to him. Being interested, therefore, in favor of the side that offered his testimony, it was properly excluded.

The remaining ground of error assigned is, that the verdict is excessive, and not justified by the evidence. The proof

was, that the cow and increase were worth about twenty dollars, and the jury returned a verdict for twenty-one dollars, which is near enough " about" twenty dollars, unless attention had been called to so small a matter on motion for new trial, when any supposed difficulty could, and doubtless would, have been removed by a remittitur.

Judgment affirmed.