MARGARET A. JOHNSTON v. H. KLEINSMITH ET AL

Decided October 14, 1903.

**1.—Practice—Charge of Court.**
   That the jury disregarded a charge of the court that announced an incorrect principle of law is not ground for reversal.

**2.—Landlord's Lien—Waiver—Estoppel.**
   That the landlord permitted his tenant to dispose of a part of the crop, having no knowledge of a third party's claim against the tenant's interest, does not amount to a waiver of the landlord's lien against the rest of the crop, nor an estoppel from asserting it against the third party.

Appeal from the County Court of Caldwell. Tried below before Hon. Geo. W. Kyser.

*A. B. Storey* and *P. J. Greenwood,* for appellant.

*E. B. Coopwood,* for appellee.

KEY, ASSOCIATE JUSTICE.—This was a suit by a landlord to recover rent and advances to his tenant and to foreclose a statutory lien on eight bales of cotton. The tenant made no defense, but Mrs. Margaret A. Johnston, asserting title to the cotton, became a party to the suit and resisted the plaintiff's right to forclose his lien. The trial resulted in favor of the plaintiff, and Mrs. Johnston has appealed.

The case is submitted in this court on two assignments of error. The first asserts that the verdict is contrary to the evidence and the law, as announced in the twelfth paragraph of the court's charge. The charge referred to does not state the law correctly, and if the jury disregarded it, it does not follow that the case should be reversed.

It is also contended that the landlord waived his lien on the cotton in question, because he could have enforced it against other cotton, which he permitted the tenant to dispose of. We rule against appellant on this point. The plaintiff testified that at the time that he permitted the tenant to apply to his own use part of the proceeds of other cotton, he had no notice of Mrs. Johnston's claim against the tenant. Taking that statement to be true, we do not think the plaintiff should be held to have waived his lien against the rest of the crop produced by the tenant, nor estopped from asserting it as against Mrs. Johnston.

No reversible error is shown, and the judgment will be affirmed.

*Affirmed.*