LASATER v. PREMONT.     (No. 6157.)

(Court of Civil Appeals of Texas. San Antonio March 19, 1919. Rehearing Denied April 16, 1919.)

1. EXCHANGE OF PROPERTY ⊜⇒5—RIGHTS OF PARTIES—PARTIAL RESCISSION.

Defendant in undisputed possession of tract received from plaintiff on agreement for exchange of lands cannot deny existence of the agreement and retain the benefit therefrom and hold both his own and plaintiff's tracts.

2. ESTOPPEL ⊜⇒66 — EQUITABLE ESTOPPEL— POSSESSION OF LAND.

Defendant's possession of tract allotted to him under agreement to partition land held in common which agreement he recognized to the extent of going into possession does not put in motion for him the doctrine of equitable estoppel against the plaintiff, whose lands he so seized.

3. ESTOPPEL ⊜⇒66—TITLE—DENIAL.

One who takes possession of property in subordination of another's title is ordinarily estopped as against that other to deny that title.

4. FRAUDS, STATUTE OF ⊜⇒138(3)—IMPLIED PROMISE—RECOVERY FOR PROPERTY TRANSFERRED.

Where property has been transferred in consideration of an oral promise which the promisor refuses to perform, the law implies a promise on which an action will lie for the value of the property so transferred, or, in equity, the land itself may be recovered.

Appeal from District Court, Brooks County; J. T. Canales, Special Judge.

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Suit by Charles Premont, independent executor of the estate of Claudio Solis, deceased, against Ed. C. Lasater. Judgment for plaintiff, and defendant appeals. Affirmed.

C. C. Wightman, of Falfurrias, and G. C. Robinson, H. S. Bonham, and Dougherty & Dougherty, all of Beeville, for appellant.

W. R. Perkins, of Alice, J. E. Leslie, of McAllen, and James B. Wells, of Brownsville, for appellee.

COBBS, J. Appellee filed this suit against appellant to compel the specific performance of an alleged oral agreement to exchange land, or, in the alternative, for recovery of land and damages. We find in the transcript plaintiff's original, first amended, and second amended original petitions. The pleadings are very lengthy, but, condensed, plaintiff sets out an oral contract for the exchange of lands. It is alleged on or about May 21, 1912, and for more than ten years prior thereto, Claudio Solis, deceased, was seized and possessed and in peaceable actual possession and adverse possession, under actual inclosure, etc., of a certain tract of land containing 1,368.65 acres described by metes and bounds, not necessary here to set out at length, out of Palo Blanco Ramireno grant, originally granted by the state of Tamaulipas, republic of Mexico, to Matias Ramirez, in the year A. D. 1830, and subsequently confirmed and patented to Isidoro Guerra by the state of Texas, by virtue of patent No. 7, vol. 18, dated the 12th day of February, 1869, in accordance with act of Legislature approved February 10, 1852.

It is averred that on said 21st day of May, A. D. 1912, Jas. T. Maupin, the alleged agent of Ed. C. Lasater, entered into an agreement whereby Ed. C. Lasater would take possession from and thenceforth hold and forever possess and enjoy the possession and fee-simple title of 848.4 acres off and out of the southern portion of the above-described 1,-368.65 acres of land of the said Claudio Solis, deceased, described by metes and bounds out of the same grant. It was agreed that Ed. C. Lasater would convey to Claudio Solis, deceased, and place him in possession of the same number of a ʾes of land lying immediately north and west and adjoining the lands of the said Claudio Solis, who was to ever thereafter hold, enjoy, and possess the same in fee simple. It was further agreed. that neither party should question the other's title; that at the time of making the proposed exchange neither party had surveyed the land to be exchanged, but as a part of the consideration of the said parol agreement to exchange the land Ed. C. Lasater was to cause each tract to be surveyed so that each party could within a reasonable time take possession of his particular tract, and Lasater immediately employed a surveyor to survey same and write field notes thereof; that the surveyor at once surveyed the 848.8 acres of land owned by Claudio Solis, deceased, for Lasater, who immediately fenced and went in possession of same under said contract; that said surveyor surveyed the Lasater 848.8 acres for Claudio Solis, deceased, but that he refused to deliver said field notes to appellee and refused and refuses to permit him to go in possession thereof, whereupon appellee demanded to be restored to his possession of the land that Lasater went into possession of.

It is alleged that it was agreed at the time of making trade that Claudio Solis, deceased, was to erect fences round the land he was to receive from Lasater, but Lasater refuses to permit him to erect fences or go in possession thereof.

Plaintiff alleged the reasonable rental value of the 848.4 acres to be 15 cents per acre.

Appellant filed exception to the pleading: First, on the ground that the alleged contract, not being in writing, was in violation of the statute of frauds, and not enforceable; second, without equity, etc.; and, third, without equity and mutuality. He answered by denying agency of James T. Maupin, but it is not sworn to. He further answered that Claudio Solis, in his lifetime, never performed the obligations on him, but repudiated same and brought vexatious suits against him, causing him to pay large sums of money in defense thereof, and in such suits denied the existence of such agreement, and breached the contract in his lifetime. He pleaded the statute of four years against the suit for specific performance of the contract and plea of not guilty against the recovery of the land.

The evidence tends to establish the oral contract for the exchange of lands. Lasater caused the two tracts to be surveyed as agreed, and field notes of each tract made as agreed.

The land was held in common between Claudio Solis, E. C. Lasater, and others at time of the agreement. The verbal agreement was made and intended as a partition between the parties. In pursuance of that agreement Lasater took possession of the portion he was to receive, to wit, the 848.8 acres described in plaintiff's petition off and out of the southern portion of the 1,368.65 acres of the land of said Claudio Solis, giving the metes and bounds thereof as caused to be surveyed and segregated by said Lasater.

In this partition Ed. C. Lasater was to survey, have field notes made, and place Solis in possession of the same number of acres of land of said defendant, lying immediately north and west and adjoining the lands of Claudio Solis containing 848.8 acres. Ed. C. Lasater refused to further comply with his part of the agreement. He

caused the land to be surveyed and refused to deliver to Solis his field notes.

While it was alleged that the parties were to make conveyances to the land, the proof does not establish that there was to be any written conveyance. Nor do we think it was necessary in this verbal partition that there should be. Lasater partly performed the contract, fenced his part of the land, went in possession thereof, has used and enjoyed it ever since, and he has enjoyed and used the portion he was to put Solis in possession of, with field notes, since then, but refuses to put Solis or his representative in possession of his land.

The agreement between the parties was that no question of title was to be raised between them.

On the 21st day of June, 1912, Claudio Solis filed a suit in Brooks county, to which he swore, seeking to recover the land from appellant, in which he averred, among other things, "The defendant, Ed. Lasater, disregarding the legal right and legal title of plaintiffs in and to the said premises, and without the consent, but over the protest of the said plaintiffs, did, without color of title or title, or right or color of right, unlawfully enter and trespass in and upon your petitioner's lands as above described," etc., and prayed for an injunction to prevent Lasater from fencing the land and for its recovery as in an action in trespass to try title. Notices were issued, and a hearing was had by the court on the application.

The hearing was held in Corpus Christi, and Ed. C. Lasater filed a full sworn answer thereto, and, among other things, said "that this defendant did, on or about the 1st day of May, begin the construction of said fence, which, as aforesaid, was constructed according to the said agreement of partition so made as aforesaid with the said Claudio Solis," and further on pleaded, "and all that he has done or is doing is in keeping with the agreement as aforesaid, which was made and entered into in good faith by all the parties thereto." Upon the hearing the injunction was refused. This record does not show what became of that suit.

The position of the parties since that hearing has changed. Appellee now seeks specific performance and in the alternative for the land. The appellant defends upon all the grounds, denies the agreement, and sets up the plea of not guilty, and in effect seeks to hold both tracts of land. As appellant went into possession upon an alleged agreement that neither party was to set up any question of title against the other, we put the consideration of that question out of sight, in so far as it affects the land.

From the view we take of this case, we will only consider the amount of damages assessed against the defendant, as appellee only pleads the statute of limitations of four years against damages growing out of the breach of the contract, and pleads no statute of limitations for rents for the use and occupation of said lands.

Plaintiff prayed for the rental value of said 848.8 acres of land, alleged and proven to be worth 15 cents per acre. The trial court held: First, that plaintiff was entitled to recover "from the defendant the sum of $752.90, with interest at the rate of 6 per cent. from date of the judgment until paid, the same being the reasonable rental value of the lands from May 21, 1912"; second, and adjudged to plaintiff the recovery of the 848.8 acres of land. The court further adjudged that "Ed. C. Lasater do have and recover from the plaintiff, Chas. Premont, independent executor of the estate of Claudio Solis, deceased, the fences constructed by the defendant, * * * provided the defendant shall have 60 days from the date within which to remove the same," and, if said fences are not so removed, the plaintiff recovers same from Lasater. The court adjudged that each party recover his costs against the other.

We have set out the judgment of the court as showing the effort to adjust the equities between the parties, and under the circumstances do not feel inclined to disturb it, since it is supported by the evidence introduced.

[1-3] This case is like one who is a purchaser in possession of purchased property contracted for, and is not entitled to rescind without restoring or offering to restore possession of the land to the vendor, on the principle of one who seeks equity must do equity, but the one receiving property, while in undisputed possession under an agreement of exchange, cannot on the one hand, refusing to perform such an executory contract, deny the existence of such agreement, be permitted to receive the benefits thereof, and hold both tracts, nor, while so in possession, dispute the title of appellee, and keep his land. Lasater's possession of said property and his holding, he having been placed in possession thereof by an agreement he recognized to the extent of gaining possession, but repudiated on the ground such a contract never existed, does not put in motion for him the doctrine he asserts of equitable estoppel against him whose lands he so seized. One who takes possession of property in subordination of another's title is ordinarily estopped as against that other to deny that title. Ency. of Law & Proc. vol. 16, p. 805.

[4] Where property has been transferred in consideration of an oral promise, which the promisor refused to perform, the law implies a promise on which an action will lie for the value of the property so transferred, or, in equity, the land itself may be recovered. 20 Cyc. 298, 299.

We have examined all the assignments of error, and do not believe the court commit-

ted any reversible error, and do believe that substantial justice has been reached between the parties by the judgment of the court, and therefore overrule all the assignments of error.

The judgment is affirmed.