## SMITH v. ROBERTS. (No. 1568.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 14, 1920.)

**1. EVIDENCE ☜134—SIMILAR ACTS ADMISSIBLE TO SHOW INTENT.**

When the intention with which an act is done is in issue, evidence of other acts of the party is admissible, but such acts must be of a similar nature and so connected with the transaction under consideration in point of time that they may be regarded as part of the system.

**2. APPEAL AND ERROR ☜1050(2)—ADMISSION OF EVIDENCE OF UNRELATED ACT OF DEFENDANT PREJUDICIAL ERROR.**

In action against landlord for wrongful entry and destruction of crops, admission of evidence of landlord's refusal to release plaintiff's mortgage on plaintiff's payment of mortgage debt, where the release of the mortgage was not in issue, was prejudicial error.

**3. LANDLORD AND TENANT ☜17—RELATION CREATED BY CONTRACT.**

The relation of landlord and tenant ordinarily grows out of the contract between the parties, but the landlord or tenant may by their acts or declarations or conduct be estopped from denying the relationship in cases where there is no contract.

**4. LANDLORD AND TENANT ☜80(1)—LESSOR NOT ESTOPPED FROM DENYING RIGHTS OF SUBLESSEE AS TO LAND NOT COVERED BY ORIGINAL LEASE.**

Lessor, by consenting to the assignment of lease or subleasing of land by lessee cultivating land of lessor other than that covered by lease without lessor's knowledge, was not estopped from denying the relationship of landlord and tenant with assignee or sublessee as to such land not covered by lease, regardless of whether he used reasonable diligence to ascertain whether the land being cultivated was that covered by lease; he being estopped only if he actually knew lessee was in possession and cultivating land not rented.

**5. ESTOPPEL ☜52—MUST BE BASED ON ACTIVE OR CONSTRUCTIVE FRAUD.**

The ground on which estoppel proceeds is active or constructive fraud on the part of the person sought to be estopped.

**6. LANDLORD AND TENANT ☜79(2)—LESSEE'S ASSIGNEE AND SUBTENANT REQUIRED TO KNOW TERMS OF LEASE UNDER WHICH LESSEE HELD POSSESSION.**

No assignee of a lease or subtenant can be heard to say that he was ignorant of the terms on which the lessee held possession.

**7. ESTOPPEL ☜52—ELEMENTS OF ESTOPPEL BY CONDUCT STATED.**

To constitute an estoppel by conduct there must be a false representation to or a concealment of material facts from a party ignorant of the matter with the intention that such party should act thereon, and such party must be induced thereby to act.

**8. ESTOPPEL ☜112—FACTS TO BE PLEADED WITH CERTAINTY.**

The particular facts relied upon as constituting estoppel should be pleaded with reasonable certainty.

**9. LANDLORD AND TENANT ☜139(4)—LANDLORD NOT NEGLIGENT IN FAILING TO KNOW THAT TENANT CULTIVATED OTHER LAND THAN THAT RENTED.**

Landlord plowing up and destroying crop on lands claimed by tenant will not be constructively charged with negligence in failing to know that his tenant has violated the rental contract by taking charge of land he never rented.

**10. LANDLORD AND TENANT ☜17—EVIDENCE INSUFFICIENT TO SHOW RATIFICATION BY LANDLORD OF SUBLEASE AS TO LAND NOT LEASED TO ORIGINAL TENANT.**

Lessor, by consenting to assignment of lease or subleasing of land by lessee who was in possession and cultivating lessor's land other than that covered by lease, did not ratify the subleasing of land in lessor's possession so as to be estopped to deny relationship of landlord and tenant with sublessee as to such land, without actual knowledge that lessee was in possession of and was cultivating land not covered by lease.

**11. LANDLORD AND TENANT ☜139(5)—MEASURE OF DAMAGES FOR WRONGFUL DESTRUCTION OF CROP STATED.**

In action in tort against landlord for wrongful entry and for wrongful destruction of growing crop, the proper measure of damages is the value of the crop just as it stood upon the ground at the time and place of its destruction.

**12. LANDLORD AND TENANT ☜139(5)—EVIDENCE OF MARKET VALUE OF COTTON CROP DESTROYED INADMISSIBLE IN ABSENCE OF EVIDENCE AS TO EXPENSE OF GROWING AND PLACING ON MARKET.**

In action for wrongful destruction of cotton crop, evidence as to market value of cotton during the subsequent fall was inadmissible, in absence of evidence as to the expense of maturing, preparing, and placing the crop on the market.

Appeal from District Court, Terry County; W. R. Spencer, Judge.

Action by J. A. Roberts against J. R. Smith. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Roscoe Wilson, of Lubbock, and J. S. Kendall, of Brownfield, for appellant.

G. E. Lockhart, of Tahoka, for appellee.

HUFF, C. J. Roberts sued Smith, alleging that Smith resided in Knox county, and rented to one J. H. Bailey 160 acres on some part of section 100, situated in Terry county, for which Bailey was to deliver one-third of all grain and one-fourth of all cotton raised on said land during the year 1917; that Bailey sold the lease or contract, with the work and crop started thereon, to Roberts, after having first secured the consent of Smith, the

landlord, and appellee, Roberts, thereafter went into possession and finished planting the crop; that on August 9, 1917, appellant, Smith, unlawfully and without consent of appellee entered said premises and took possession thereof, ejecting appellee therefrom, and proceeded to plough up and destroy appellee's crop, and replant it to his own use; that the crop would have been worth at the time of gathering $1,500, after deducting the necessary expenses in gathering and marketing, etc.; that, if he was mistaken as to its actual value, it was reasonably worth $375 to prepare the ground for cultivation and to plant it, giving the items of work necessary and seed for planting; also seeking punitory damages. The appellant answered by general denial and specially that in disregard of the rental contract, Bailey and Roberts ploughed and planted land not rented to them and without appellant's knowledge or consent, and alleged other matters not necessary to set out. Upon special findings by a jury, judgment was entered for $875.

The first assignment of error complains of the action of the court in overruling appellant's motion for a continuance. We find no such error on the part of the court as will require a reversal of the case, and, as the matter will not likely occur upon another trial, we will not further discuss the question.

[1, 2] The third assignment complains of the admission of evidence to the effect that appellant recorded a chattel mortgage, which appellee had executed in Knox county, before removing to Terry county, and which he had paid off, and as a result thereof appellee was unable to borrow money in Terry county upon certain property covered by the mortgage; that appellant refused to release the mortgage because the appellee refused to settle an amount claimed by appellant as due him as rent on what is termed the Warren bale of cotton, grown upon appellant's land in Knox county. This evidence was evidently admitted to show the animus of appellant towards appellee in trespassing on the land in Terry county. The two transactions are not related. As we understand the rule, when the intent with which an act is done is an issue, resort to other acts of the party to ascertain his real purpose may be introduced; but such acts must be those of a similar nature and so connected with the transaction under consideration in point of time, etc., as that they may all be regarded as part of the system. Blum v. Gaines, 57 Tex. 135. If the release of the mortgage had been made an issue and the facts relative thereto been gone into, it might have developed that appellant was entirely justified in not releasing the chattel mortgage. Appellant could not have been expected to meet a charge of bad motive in that case on the trial of this. The effect of the evidence admitted in this case would be to prejudice the jury. We believe the assignment should be sustained.

The fourth assignment will be overruled. We think a sufficient predicate was established to authorize the reproduction of the letter introduced by the official stenographer from his notes taken at a former trial.

The fifth assignment asserts error in a requested charge and issues given by the court at the request of the appellee. It will be perceived from the statement of the pleadings appellee recovered upon an alleged unlawful entry and destruction of the growing crop on a leasehold. The 160 acres alleged to have been rented by Bailey is not described, nor is the quarter described upon which the crop was growing further than 160 acres "on some part of said section 100." The uncontroverted evidence is that appellant rented to Bailey 160 acres out of the northwest quarter of the section and that the crop growing was on the northeast quarter of the section. Appellee Roberts testifies that Bailey told him that he had rented the northwest quarter of the section and at that time he did not know whether appellant knew the crop was on the northeast quarter and until he sent a plat of the land. It appears that Smith wrote a letter in reference to a request by Roberts to give his (Smith's) consent to Roberts to buy Bailey out. After this, Roberts wrote, wanting the land fenced, or something of that kind, and in response to this appellant requested a plat of the land. Upon receipt of this, he says for the first time he learned that Bailey and Roberts were occupying the northeast quarter of the section. He thereupon went to Terry county, and after arriving there negotiations were entered into to adjust the matter, appellant claiming he would much rather leave the northeast quarter in grass than to have had Bailey plough it up, and denies that he ever agreed to permit appellant to retain the crop, but says that he permitted him to take 180 acres out of another tract; appellee, however, contending differently. It does not appear to be the contention of either, after appellant went to Terry county, that he ever recognized the right of appellee to the land, but stated he would take it and plough it up and put in a feed crop himself, which he did. Appellee claims that he never relinquished his claim, and testifies that he told appellant if he did as he threatened there would be a lawsuit. At the request of appellee, the plaintiff below, the trial court submitted the following charge and issues:

"Gentlemen of the jury, at the request of the plaintiff, I give you in charge the following special charge, and special issue No. 1, to wit:

"In arriving at an answer to special issue No. 1, given to you in the court's main charge, you are instructed that if the defendant, J. R. Smith, rented the northwest quarter of survey 100 to J. H. Bailey, and that said Bailey with or with-

out the consent of the said J. R. Smith put said farm in northeast quarter of said section, the said Bailey being in possession of the land, preparing the land for cultivation, and the said defendant could have ascertained such fact with reasonable diligence, then you are instructed that in law the said defendant would be estopped from setting up that plaintiff was on the wrong land. So bearing in mind the foregoing instruction, I submit to you the following special issues, to wit:

"Special Issue No. 1 (requested by the plaintiff): Did the defendant, J. R. Smith, use reasonable diligence in ascertaining the fact that J. H. Bailey had not broke up the farm in the northwest part of said section and had broke it out in the northeast part of said section? Answer yes or no.

"Special Issue No. 2: Did the defendant, J. R. Smith, give the plaintiff his consent to purchase the lease and crop from J. H. Bailey? Answer yes or no."

The jury answered the first issue in the negative and the second in the affirmative. It is asserted by propositions under this assignment: (1) That estoppel must be pleaded and proven; (2) the landlord has the right to presume the tenant will enter upon the land rented and not violate the contract and is not charged with notice of the breach of the contract until he has actual knowledge thereof; (3) a subtenant is charged with the knowledge of the terms of the lease, and the lessor is not required to use reasonable diligence to see that the lessee and subtenant are charged with the knowledge of the terms of the lease, and the lessor is not required to use reasonable diligence to see that the lessee and subtenant comply with the rental contract.

[3, 4] The relation of landlord and tenant ordinarily grows out of the contract between the parties. Gulledge v. White, 73 Tex. 498, 11 S. W. 527; Victory v. Stroud, 15 Tex. 373. Under the facts of this case it is manifest appellant never rented the northeast quarter to Bailey, but a different quarter. Roberts knew when he bought Bailey out that he had not rented from appellant the quarter bought by appellee. As to that quarter, the relation of landlord and tenant did not grow out of the contract and could not be established merely by an assignment or a subletting. There are cases in which there is no contract creating the relation of landlord and tenant, and in which the landlord or tenant would be estopped by their acts or declarations or conduct from denying the relationship. Towery v. Henderson, 60 Tex. 291. The pleadings in this case, however, set up no such estoppel. We do not think it true, because Bailey was in possession of the land preparing it for cultivation, and that Smith could have known such fact with reasonable diligence, that he would be estopped.

[5-8] The ground on which estoppel proceeds is active or constructive fraud on the part of the person sought to be estopped. Burleson v. Burleson, 28 Tex. 383. The appellant states he did not know that Bailey had entered upon other land than that rented. If that is true, he should not be held to have waived the contract which had been made or be estopped from asserting that he did not rent the land in question. We think there was nothing calling on him to exercise diligence. It would seem he had the right to rely on his contract with Bailey. Johnston v. Kleinsmith, 33 Tex. Civ. App. 236, 77 S. W. 36. "No assignee of a lease or subtenant can be heard to say that he was ignorant of the terms on which the lessee held possession." Forrest v. Durnell, 86 Tex. 647, 26 S. W. 481. In this case Roberts admits he knew when he purchased from Bailey that Smith had not rented that quarter to Bailey. He was not, therefore, induced to buy because of a rental contract or any act on the part of Smith inducing him thereto. It would seem to us, knowing that fact, he should have notified Smith of the land he was negotiating to buy from Bailey. He evidently knew Smith was at a distance and in another county. To constitute an estoppel by conduct, there must be a false representation to, or a concealment of material facts from, a party ignorant of the matter and with the intention he should act thereon, and he must have been induced thereby to act. Blum v. Merchant, 58 Tex. 400. The pleadings in this case simply set up the relation of landlord and tenant and the right of possession in plaintiff by virtue of rent contract and not a right by virtue of acts, conduct, or representations constituting a contract by estoppel. The particular acts, etc., relied on as constituting estoppel, should be pleaded with reasonable certainty. Insurance Co. v. Hutchins, 53 Tex. 61, 37 Am. Rep. 750; El Paso Railway Co. v. Eichel, 130 S. W. 939; Murphy v. Lewis, 198 S. W. 1059.

[9] The sixth and seventh assignments, to the effect that the answer of the jury to issue No. 1 is not supported by the evidence, we believe should be sustained. There is nothing to show negligence on appellant's part in failing to ascertain Bailey had taken possession of the wrong quarter and the one he did not rent. The law may charge the owner of land with notice of its occupancy by a stranger, but not by one who enters as his tenant; but we know of no rule that will charge him constructively with negligence in failing to know that his tenant had violated the rental contract by taking charge of land he never rented.

[10] The eighth and ninth assignments and the findings of the jury to issue No. 2, to the effect that appellant gave his consent to appellee to purchase the lease or crop from

Bailey, it is asserted, are not supported by the evidence. The charges on the two issues were submitted together and are dependent upon each other. If appellant did not know Bailey was on the land which he sold appellee and when appellant answered by letter giving his consent to the sale of the quarter he had rented, if he did not then know the trade was being made for a different quarter, he should not be held to have ratified the trade so made. In order to charge appellant with estoppel or ratification, he must have been apprised of his rights or have known that the quarter appellee was trading for from Bailey was not the one included in the original rental contract. Burleson v. Burleson, 28 Tex. 415; Wright v. Bonta, 19 Tex. 385. It is insisted by appellee that there is some evidence that appellant knew Bailey had put in crops on some other portion of the section than that rented after the contract was made, and also that appellant would have rented the land to Roberts if he had paid money rent, for which reason it is contended the charge and the issues were properly submitted and the evidence sufficient to support the findings. There is no pleading setting up a rental contract by estoppel. The fact that appellant would have rented for money rent does not prove that he ratified a rental contract on the shares of land which he had not agreed to rent. We think the assignments should be sustained, under the issues as made by the pleadings in this case.

The second assignment is based upon the admission of the evidence of appellee, to the effect that cotton in the fall at Tahoka was 25 cents per pound, because this was not the proper measure of damages.

The tenth assignment is that the findings of the jury, in answer to issue No. 5, are not supported by the evidence and disregard the charge of the court, and that it is apparent they base their findings for actual damages on what appellee paid Bailey for the crop. The appellee testified it was his opinion that the crop was worth $500 at the time it was ploughed up. His evidence indicates this opinion is based on what it would take to break the land, the amount of seed required, and the price thereof, and other items of expense in putting in the land. We believe these assignments should be sustained. However, the tenth is sustained, not exactly for the reason asserted in the assignments and propositions. This is not a suit for breach of contract of tenancy on shares, and hence the rule for the recovery of damages is not exactly the same as for tort. In breach of such contracts, it is held profits are in contemplation of the parties as well as employment for the tenant or cropper, and therefore a tenant may recover such profits and the like. Such are cases cited by ap-

pellant. Springer v. Riley, 136 S. W. 577; Brooks v. Davis, 148 S. W. 1107; and Bost v. McCrea, 172 S. W. 561. These cases follow the cases by the Supreme Court. Crews v. Cortez, 102 Tex. 111, 113 S. W. 523, 38 L. R. A. (N. S.) 713; Rogers v. McGuffey, 96 Tex. 565, 74 S. W. 753—where the principles of law are fully discussed.

[11] The cause set up in the instant case is a tort—the wrongful destruction of a growing crop. The proper measure of damages under such circumstances is the value of the crop just as it stood upon the ground at the time and place of its destruction. Sabine Ry. Co. v. Smith, 73 Tex. 1, 11 S. W. 123; Ry. Co. v. Schofield, 72 Tex. 496, 10 S. W. 575; Ry. Co. v. Carter, 25 S. W. 1023; Ry. Co. v. Nicholson, 25 S. W. 54; Ry. Co. v. Wright, 195 S. W. 605. In the case of Ry. Co. v. Pape, 73 Tex. 501, 11 S. W. 526, the Supreme Court, speaking through Judge Gaines, recognizes the general rule as above stated, but where there is no market value the difficulty in proving the damages to a growing crop at the time of its destruction is discussed, and the following method was suggested:

"It seems to us that, as a general rule, the most satisfactory means of arriving at the value of a growing crop is to prove its probable yield under proper cultivation, the value of such yield when matured and ready for sale, and also the expense of such cultivation, as well as the cost of its preparation and transportation to market. The difference between the value of the probable crop in the market, and the expense of maturing, preparing, and placing it thereupon, will in most cases give the value of the growing crop with as much certainty as can be attained by any other method."

This rule is followed in Railway Co. v. Wright, supra, Freeman v. Fields, 135 S. W. 1073, and in other cases.

[12] The testimony, of which complaint is made under the second assignment, should have been excluded in the absence of the other necessary evidence of probable yield, expense in maturing, and the like. This evidence would not support a verdict in the absence of the other necessary evidence. See the Wright Case, supra. There is no evidence pointed out by the briefs, and we have found none, showing the probable yield of the crop, the cost of gathering or marketing it. We do not think the amount paid by appellee to Bailey for the lease, or the value of the work done up to the date of its destruction, or of the seed planted, would be recoverable and will not support a verdict therefor. Whether this suit be treated as an action for damages for a breach of a rental contract on shares or one in tort, in neither event would the evidence support a verdict for actual damages. It is not deemed necessary by us at this time to discuss the punitory damages

awarded. What has been said heretofore will render it unnecessary to discuss such damages.

The judgment will be reversed and remanded.