### RECLAMATION CO. v. WESTERN BROKERAGE & SUPPLY CO., et al.

#### No. 1002.

Court of Civil Appeals of Texas. Eastland.

Dec. 23, 1932.

Rehearing Denied Feb. 24, 1933.

Turner, Seaberry & Springer, of Eastland, for appellant.

Scott W. Key, of Eastland, and L. E. Richardson, of Longview, for appellee.

HICKMAN, Chief Justice.

This is the second appeal of this case; the former being reported in 293 S. W. 194. Appellant originally brought suit against A. C. Simmons, C. W. Hoffman, and K. F. Page, as partners doing business under the trade-name of Western Brokerage & Supply Company, upon a series of notes signed "Western Brokerage & Supply Company, by A. C. Simmons." These notes were excuted after Hoffman and Page had withdrawn from the partnership, and in their answer they alleged the fact of their withdrawal from the firm prior to the execution of the notes, and pleaded non

est factum as to the notes. Appellant, by supplemental pleading, alleged that the indebtedness represented by the notes was incurred prior to their withdrawal, and that, if they were not liable on the notes, they were liable, jointly and severally, with Simmons on the account. To this pleading of appellant the appellees, Hoffman and Page, by supplemental answer, pleaded, among other defenses, the payment or novation of the account by the acceptance of the notes. They further pleaded an estoppel, the nature of which will be more fully stated hereinafter.

On the first trial appellants took nothing as against Hoffman and Page, from which judgment an appeal was prosecuted to this court. On that appeal this court held, as reflected by its opinion, that the evidence did not support the defense of novation. The case was remanded upon a cross-assignment of appellees complaining of the ruling of the trial court in sustaining a special exception to their plea of estoppel.

After the case was remanded, appellant recast its pleadings, alleging its final judgment against Simmons and the company and its inability to collect same, and again declared on the open account against Hoffman and Page. Said defendants filed an amended answer, again pleading, among other defenses, novation and estoppel. Many special issues were submitted to the jury, and upon the answers to these various issues judgment was rendered, as upon the first trial, that appellant take nothing, from which judgment this appeal is duly prosecuted. It is the position of appellees that the evidence and the verdict of the jury support both their plea of novation and their plea of estoppel, and that the judgment should be sustained on one or both of these grounds.

■ The first question presented complains of the action of the trial court in submitting any defense except that raised by the plea of estoppel. The claim is that, by our original opinion and the mandate from this court to the lower court, the cause was remanded with instructions limiting the authority of the district court upon retrial to the issue of estoppel, as pleaded by appellees, and the further issue pleaded by appellant of an estoppel against appellees to plead estoppel. This assignment is overruled. The judgment entered by this court upon the former appeal was one reversing the judgment of the trial court generally, and neither by that judgment nor by our opinion did we limit the trial court to the submission of any particular issues upon retrial. This question, and the kindred question raised by the second assignment of error, that our holding on the former appeal became the law of the case on the question of novation, are rendered of no importance by the views adopted upon this appeal, as reflected

hereinafter, wherein we hold that the present record does not support the defense of novation.

On the defense of novation there is but slight difference between the evidence as presented in this record and that before us on the former appeal, as reflected by our former opinion. Hoffman and Page withdrew from the partnership under an agreement with Simmons that they would turn over to him all of the assets of the firm in consideration that he pay off all of the firm's indebtedness, including that owing to the partners as accrued profits and otherwise. After this withdrawal they informed one Ross, a representative of appellant, of their agreement with Simmons, and later were informed by Ross that one Marshall, appellant's general manager, had stated that appellant was not looking to them for the payment of said account, but was looking alone to Simmons for the payment thereof. Still later appellant placed the account in the hands of its attorney, George Thompson, Jr., of Fort Worth, for collection. As a result of his negotiations with an attorney representing the Western Brokerage & Supply Company, the notes above mentioned were executed by "Western Brokerage & Supply Company, by A. O. Simmons." The record contains copies of letters and telegrams from Thompson to appellees, and also to appellant, which correspondence, appellees claim, discloses that it was the intention of appellant on the acceptance of said notes to substitute the obligation thereof for the obligation of the account, and thereby release Hoffman and Page from any liability. The strongest evidence supporting this contention which we have discovered from the correspondence consists of the fact that 8 per cent. interest on the account was added to the face thereof, and notes executed for the amount of the account, plus 8 per cent. There is also to be found this statement in a letter written by Mr. Thompson to the Western Brokerage & Supply Company after one of the notes had become past due and unpaid: "You will recall that your attorney made a proposition to us that if we would permit the account to be paid, part in cash and part by these notes, the notes, when due, would promptly be taken care of."

■■ In considering the question of whether or not Hoffman and Page have been released from their obligation to pay the account in suit, it is well to keep in mind that they and Simmons were jointly and severally liable for the entire amount of the account at the time same was incurred, and appellant, by promising to look alone to Simmons for the payment thereof, did not increase Simmons' liability, or procure any additional security for the indebtedness. Its promise amounted to no more than a voluntary relinquishment of the liability of two of its debtors. It is the settled law of this state that an agreement between the retiring and remaining members of a partnership, that the latter will pay the debts owing by the partnership, is not binding upon the creditors of the partnership, unless such creditors are parties to the agreement for a consideration. In the case of White v. Boone, 71 Tex. 712, 12 S. W. 51, 52, it is stated: "Such an agreement would be binding between the parties themselves only, unless creditors became parties to the agreement for a consideration."

This language was quoted with approval and reaffirmed in an opinion by Justice Brown in the case of Shapleigh Hardware Company v. Wells, 90 Tex. 110, 37 S. W. 411, 59 Am. St. Rep. 783. The statement made to appellees by Ross to the effect that Marshall, the general manager, had stated to him (Ross) that he was not looking to appellees for the payment of the account, but to Simmons alone, if construed as an agreement to release Hoffman and Page from liability, is clearly lacking in consideration; an essential element of all valid contracts. A release of appellees cannot be predicated upon that agreement.

■■ But it is contended that the acceptance of the notes under the circumstances evidenced an intention on the part of appellant to substitute the obligation of the notes for the obligation of the account so that suit could no longer be maintained upon the account, and that the surrender or payment of the account constituted the consideration for the notes. A novation by this means is never presumed, but must be established either by an express agreement or by acts which clearly establish an intention to discharge the obligation of the original debt. There is no contention that there was any such express agreement either between appellant and Simmons, or between appellant and appellees. On the contrary, the evidence discloses that appellees were not aware of the existence of the notes until some months after their execution. Do the acts of the parties clearly evidence an intention on the part of appellant to voluntarily release appellees from their obligation and substitute therefor only the unsecured obligation of Simmons, who was already bound for the full amount of the debt? Our conclusion from this record is the same as on the former appeal; they do not. We are confirmed in our opinion as expressed on the former appeal, not alone by the fact that appellees' application for a writ of error was refused in that case by the Supreme Court, but also by a decision rendered by that court since that time in the case of Cooper Gro. Co. v. Strange, 18 S.W.(2d) 609. The facts in that case, as detailed in the opinion by the Court of Civil Appeals at Waco, reported in 4 S.W.(2d) 232, more strongly evidence that intention than do the facts of the instant case. The Waco court, speaking through Chief Justice Gallagher,

groups these facts and arrives at the conclusion that they were sufficient to raise the issue of novation. The trial court had refused to submit the issue, and a reversal of its judgment was ordered. A writ of error was granted, and the Supreme Court held that the facts were not sufficient, as a matter of law, to raise the issue of novation. For equal, if not greater, reason we hold that the facts in the instant case presented no issue of novation for the jury's determination.

There is a more impelling reason than the above why the defense of novation is not available to appellees; but, as it is based upon facts discussed later in the opinion in connection with other defenses, it can be better understood following that discussion. We shall therefore again refer to the question of novation at the end of this opinion.

This brings us to the defense of estoppel pleaded by appellees. This plea was based, in brief, upon the following allegations: (1) Knowledge on the part of appellant that appellees had withdrawn from the firm under agreement with Simmons, whereby they surrendered to him all of the firm assets in consideration that he pay all of the firm debts; (2) the request that appellant take immediate steps to make collection from Simmons; (3) agreement by appellant to look only to Simmons for the payment of the account, thereby lulling appellees into a sense of security and preventing them from instituting receivership proceedings for their protection; (4) an agreement by appellant with Simmons that the latter should execute notes in lieu of the account, which agreement was consummated; and (5) appellant's delay in bringing suit until Simmons had dissipated the firm assets.

■ On the former appeal we reversed the judgment of the trial court on a cross-assignment complaining of its action in sustaining a special exception to this pleading, thereby holding that an estoppel in pais was pleaded. A reconsideration of the question has convinced us that we were correct in that holding. The promise to look only to Simmons was without consideration to support it, and could not therefore be enforced as a contract of release or novation. The general rule is that estoppel cannot be based upon promises concerning the future, but that such promises, if binding at all, must be binding as contracts. 21 C. J., p. 1142, § 144.

"However, a well recognized exception to the rule is presented where the statement relates to an intended abandonment of an existing right, and is made to influence others who have, in fact, been influenced by it. * * *" Id., § 145.

This exception is recognized by our Supreme Court in Edwards v. Dickson, 66 Tex. 614, 2 S. W. 718. We have not access to all the cases cited in support of the text above

quoted, but the available ones clearly support it. The record, as it comes to us on this appeal, contains evidence which would support this plea as a defense to appellant's cause of action but for the existence of other facts pleaded and established by appellant, next below discussed.

■ On August 1, 1922, about the time appellees were withdrawing from the partnership, a financial statement showing the assets and liabilities of the partnership was prepared. This statement showed an indebtedness owing by the partnership to appellee Hoffman of approximately $3,000. The statement further showed that Simmons was credited with profits of $5,698.65, Hoffman with $4,383.60, and Page with $876.71. These items were carried in the list of liabilities. The jury found upon sufficient evidence that the agreement between the partnership upon dissolution, of which agreement appellant had knowledge at the time it agreed to look only to Simmons, was that Simmons would pay all of the indebtedness of the firm, including that owing to Hoffman and Page. Pursuant to that agreement, Hoffman and Page, after the dissolution, collected from the partnership, by accepting casing and other materials, the full amount to which they were entitled under this statement, including their accrued profits. Had this been the extent of the assets which were withdrawn from the firm and delivered to Hoffman and Page, the evidence and findings would support the conclusion that appellant agreed to this arrangement, and could not therefore be heard to complain thereof. But the evidence discloses that appellees withdrew from the assets of the firm property in value greatly exceeding the amount owing to them, including their accrued profits. The partnership, in conducting its affairs, would, from time to time, loan casing to oil operators under contracts whereby the value of the use of the casing was paid by assignments of interests in the wells in which the casing was used. In one instance the partnership purchased a royalty interest in a well. These interests in wells were as much a part of the assets of the partnership as were the materials in the yard. Assignments of these interests were usually taken in the name of Simmons, but each member of the partnership owned an interest therein in proportion to his interest in the partnership. After the dissolution Simmons assigned to Hoffman and Page their interests in these various wells. It is not contended, nor would the evidence support the contention, that appellant had any knowledge that these interests were to be withdrawn from the firm assets at the time it promised to look only to Simmons. The value of these interests so transferred to Hoffman and Page exceeded the amount of appellant's claim. This state of facts renders appellees' plea of estoppel unavailing. In justification of appel-

lees' action, it is proper to state that the record does not warrant the conclusion that they intentionally misled appellant. They seemed not to have regarded these interests in wells as a part of the partnership assets. They were, in fact, a part thereof, and however innocently appellees may have made the statement to appellant that Simmons was to take over all of the assets and pay all the firm debts, the fact remains that a substantial portion of the assets represented by these interests in wells were, under the agreement with Simmons, not to be taken over by him, and pursuant to that agreement were actually withdrawn. In this situation the doctrine of estoppel against estoppel applies. One who has been misled by the party pleading estoppel, and who thereby acts in ignorance of the facts, is not estopped. A terse statement of the rule is, "An estoppel against an estoppel sets the matter at large." Turner v. Ferguson, 58 Tex. 6; Knox v. Brown (Tex. Com. App.) 277 S. W. 91; Lasater v. Premont (Tex. Civ. App.) 209 S. W. 753; Fitch v. Lomax (Tex. Com. App.) 16 S.W.(2d) 530, 66 A. L. R. 758; Wright v. Bonta, 19 Tex. 385; 17 Tex. Jur., 138; 21 C. J., p. 1110, § 109; 10 R. C. L., p. 841, § 146.

■■ There is another established rule of law pleaded and relied on by appellant which would operate to render appellees personally liable for the account sued on. The effect of the contract of dissolution between appellees and Simmons was that the debts owing by the partnership should be satisfied out of particular property, the assets of the partnership. This contract inured to appellant's benefit, and it is entitled to enforce same. As above noted, the value of these interests in wells exceeded the amount of appellant's claim. Appellees, having agreed that appellant's debt should be satisfied out of property left in the possession of Simmons, and having thereafter appropriated a portion of that property of greater value than appellant's claim to their own use, should be held personally liable for the payment of appellant's claim. Johnson v. Patterson (Tex. Civ. App.) 33 S. W. 1038; Acme Brick Co. v. West (Tex Civ. App.) 215 S. W. 476.

■ We stated above that we would return to the question of novation at the end of our opinion. We shall now consider the effect of the facts above detailed upon that question. The evidence shows that appellant would not have accepted the notes had it not relied upon the representations of appellees that they had turned over all the firm assets to Simmons. Appellees cannot rely upon the contract of novation when their own misstatements, however innocently made, induced the contract. The jury findings that appellant would have accepted the notes had it known that appellees had received these interests from Simmons must be disregarded for two reasons: First, they rest upon conjecture without support in the record; and, second, they are immaterial. The rights of the parties must rest, not upon the contract appellant might have made if it had known the facts, but upon the contract it did make; not upon what appellant might have done, but upon what it did. It acted in ignorance of the facts, and this consideration forbids the conclusion that the minds of the parties met on a contract of novation.

There is no reason to remand this case for another trial. It appears to have been fully developed, and should be terminated. It is therefore our order that the judgment of the trial court be reversed, and judgment here rendered for appellant in accordance with its petition.

FUNDERBURK, J., disqualified, and not sitting.