# TEXAS SUPREME COURT REPORTS.

## GALVESTON TERM, 1889.

Sabine & East Texas Railway Company v. Joshua Smith.

No. 2514.

**Measure of Damages.**—The measure of damages for destruction of a crop of produce caused by the defective construction work of a railway road bed is the value of the crop as it stood on the ground and at the place where it was destroyed.

Appeal from Jefferson. Tried below before Hon. W. H. Ford. The opinion states the case.

*O'Brien & John,* for appellant.

*Tom J. Russell,* for appellee.

Acker, Presiding Judge.—This suit was brought by appellee to recover damages for injury to land and crops alleged to have been caused by overflow water being held upon his land during overflows in the years 1884 and 1885. It was alleged that the water was detained upon his land for several weeks longer during the overflow of each year than it would have been but for the negligent and improper construction of appellant's road bed. Appellee alleged that he had ten acres of land in cultivation, and laid his damages at $892. The trial was by jury, and resulted in verdict and judgment for $159.60.

The proof was that appellee's land and crops were situated about four miles from the town of Sabine Pass, and he testified with regard to the value of the cabbage crop which he claimed was destroyed by the overflow; that at the time of the overflow he valued the cabbage at ten cents apiece; that he thought the market value of cabbage at Sabine Pass at that time was ten cents apiece, and that he estimated his crop at the same.

Ninety dollars of the verdict was for the cabbage crop. Appellant moved the court to strike out this testimony, and the motion was denied. This is assigned as error, and we think the assignment well taken.

It is evident that the witness fixed the value of the cabbage crop by what he thought the market value to be after the crop was gathered and placed upon the market at Sabine Pass, about four miles distant from the place where the crop was destroyed. The proper measure of damages is

2

the value of the crop at the time and place of destruction just as it stood upon the ground. Railway Co. v. Schofield, 72 Texas, 496. We think the court erred in refusing to exclude this evidence.

Other errors assigned will probably not arise upon another trial.

For the error indicated we think the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted February 12, 1889.