WICHITA VALLEY RY. CO. v. MARTIN & WALKER. (No. 9217.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 24, 1920. Rehearing Denied Feb. 28, 1920.)

1. EVIDENCE ⚖➡543½, 571(10)—EXPERIENCED CATTLEMEN QUALIFIED TO TESTIFY TO DAMAGE BY BURNING PASTURE.

Cattlemen of many years experience in buying and selling grass and grass land were qualified to testify as to the damage done to a pasture and grass by a fire, and the fact that they stated they were using their private opinions would only affect their credibility.

2. APPEAL AND ERROR ⚖➡971(2)—DISCRETION AS TO CREDIBILITY OF EXPERT WITNESS NOT REVIEWED IN ABSENCE OF ABUSE.

Action of trial court in passing on the credibility of a witness testifying as an expert will not be reviewed, unless gross abuse of discretion is shown.

Appeal from Clay County Court; Eli Coleman, Judge.

Action by Martin & Walker against the Wichita Valley Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Taylor, Allen & Taylor, of Henrietta, for appellant.

Thompson, Barwise, Wharton & Hiner, of Ft. Worth, and Wantland & Parrish, of Henrietta, for appellee.

BUCK, J. In its one assignment of error, appellant urges that the judgment below cannot stand upon the evidence of M. Willis, W. B. Walker, W. A. Boger, and S. M. Brightwell. This assignment is based upon the only exception taken, which covers some 100 pages of the transcript. This exception is qualified by the trial judge, to the effect that he did not consider all of the testimony of Murrell Willis as to the value of the grass at the time it was burned, nor the testimony of W. A. Boger on the value of the land before and after the fire. This leaves practically only the testimony of W. B. Walker and S. M. Brightwell as to the value of the grass burned.

Appellee objects to the consideration of this assignment, urging that it is multifarious. While there is some ground for this objection, yet in the opinion of some of us at least there is only one question raised, to wit, the qualification of the witnesses mentioned to testify as to the value of the grass, and we have concluded that we should disregard the objection and consider the assignment.

Brightwell testified that he had lived in Clay county some 29 years, and had had some 15 or 16 years' experience in buying and selling grass, and in seeing grass bought and sold in Clay county for pasturage and other purposes; that during the year 1917, and especially in September of said year, he was acquainted with the market value of grass in Clay county, and especially in the Martin Bros. & Walker pasture. That he was not in the pasture of plaintiffs, Martin Bros. & Walker, during the last year, 1917, but from his general knowledge of the value of grass in Clay county, and from the statement of the kind of grass burned, he knew the value of the grass burned September 24, 1917, and he stated that the land would be worth $5 an acre more just before the fire than it was just after the fire. Upon cross-examination, he stated that in fixing values as to this grass he was using his private opinion that he never knew of a piece of land selling immediately after it was burned over. He also stated that he did see this grass during 1917, and was over and across it last spring, but did not have in mind, from his own recollection, what kind of grass it was during 1917; that he was basing his estimate as to the value of the grass upon the statement made by plaintiff's counsel as to what kind of grass it was. On redirect examination, he stated that in his opinion the damage to land would be from $2 to $2.50 an acre. It was admitted that 265 acres of the pasture burned which, at $2.50 an acre, would amount to $862.50. The judgment below was $795.

[1, 2] We think the assignment urged against the testimony of Brightwell is not well taken. Brightwell was shown to be an old cattleman of many years' experience in buying and selling grass and grass land. The fact that upon cross-examination he stated that in giving his opinion as to the value of the grass he was using his "private opinion" would not destroy what he had said prior thereto with reference to his qualifications and the value of the grass. This, at most, would only affect his credibility as a witness, which was passed upon by the trial court. Its action will not be reviewed unless gross abuse of discretion is shown. M., K. & T. Ry. Co. v. Hedric, 154 S. W. 633, writ denied; Hovey v. Sanders, 174 S. W. 1025.

W. B. Walker testified that he was one of the owners of the land burned, and had lived in Clay county some 28 years; that during the 28 years he had lived in Clay county he had been engaged in the cattle business, and during that time had bought and sold grass, seen grass bought and sold, such as had been destroyed, and had bought and sold it for hay, pasturage, and other purposes. From his experience, he would state that he knew the market value of the grass burned, and knew what the market value of the land was immediately before the fire and immediately after. He judged the land to be worth $35 an acre immediately before the burn, and $30

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

an acre immediately after. He stated that the grass alone was worth $2 an acre. Upon cross-examination, he testified:

"In stating that this land was worth $30 an acre after the burn, or $5 an acre less, I am estimating what, in my opinion, the grass roots and turf would be worth on this land—just my opinion; I don't know about basing it on any market or sale of any land under that condition. I have testified that I did not see any sold immediately after it was burned during the year 1917. I am basing my answer on what it would be worth to me; and I would think other people would have the same opinion I had, but I don't know of anybody that has. When I say that the land was worth $30 an acre I am giving my opinion on what this land would be worth to me with the grass roots and turf burned."

On redirect examination, he testified:

"I base my answer as to the market value of this land after the burn on what it was worth on the market and to myself, too; I just based it on what the land would be worth without the grass and the damage to the roots of the grass; I mean what it would be worth on the market."

Much of this testimony, pro and con, touching his qualifications to testify as an expert is given in the statement of facts, but the substance thereof is shown in the above two quotations. We conclude that, for the reasons given as to testimony of S. M. Brightwell, the witness W. B. Walker qualified himself to testify as an expert.

Appellant's assignment is overruled, and the judgment is affirmed.