John A. MARSHALL, Appellant,

v.

Bernice STORY, Appellee.

No. 3529.

Court of Civil Appeals of Texas.

Waco.

April 3, 1958.

Rehearing Denied May 1, 1958.

**598**

Dodson, Reagan & Welch, Marlin, for appellant.

Bradley & Geren, Groesbeck, for appellee.

TIREY, Justice.

Appellee brought this suit for damages sustained by him to a growing corn crop and he alleges that his damage was caused by depredations made upon the crop by appellant's cattle. The court submitted two issues to the jury and, absent burden of proof clause, they are substantially: (1) Do you find that appellant's cattle caused the damage to appellee's corn on the occasion in question, to which the jury answered "They did." (2) What do you find to be the value of appellee's corn destroyed just as it stood on the ground at the time and place of its destruction, to which the

jury answered "$525.00." The judgment followed the verdict and appellant perfected his appeal to this court.

The judgment is assailed on what appellant designates as four points. They are substantially to the effect that the court erred in rendering judgment for appellee because (1 and 2) the testimony is insufficient to show that appellant's cattle destroyed the corn crop; (3) the court permitted appellee to testify to the cost of seed corn and expense of making the crop, because such cost was not a proper measure of damages and was prejudicial to appellant; and (4) the court refused to sustain appellant's exceptions to paragraph 4 of appellee's petition in which he alleged as a part of his damages the expense that he was out in making his crop, because such expense was not a proper measure of damages and was prejudicial to appellant's rights.

Before discussing each of appellant's points we think it is pertinent for us to say that as a reviewing court, it is our duty to consider the evidence and the inferences properly to be drawn therefrom in the light most favorable to the party obtaining the verdict, and it is our duty in considering controverted issues of fact to accept as true that testimony which tends to support the verdict. 3–B Tex.Jur. pp. 370 and 372. Moreover, it was the jury's province to weigh all of the evidence, to decide what credence should be given to the whole or to any part of the testimony of each witness. The jury were the judges not only of the facts proved, but of the inferences to be drawn therefrom, provided such inferences were not unreasonable. See Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, at page 199, point 6. No rule is better settled than the one to the effect that if there is evidence of probative value to sustain the findings of the jury, the appellate court is bound by such findings. See Lynch v. McLendon, Tex.Civ.App., 283 S. W.2d 88, point 3 (no writ history) and cases there collated; see also ICT Ins. Co.

v. Gunn, Tex.Civ.App., 294 S.W.2d 435, points 1–5, at page 441.

We think we should say that it was stipulated between the parties that Limestone County operates under an Act of the 41st Leg., approved March 18, 1929, as shown by HB 692, Chap. 194 of the Acts of said Legislature, and that under the terms of such statute Limestone County held a stock law election in such county and that it passed and that said law prohibits any stock, including cattle, from running at large and provides that any person injured by stock running at large shall be entitled to full damages and compensation for the trespassing of said stock.

Much testimony was tendered in this case, some eleven witnesses having testified, and the Statement of Facts consists of some 331 pages, most of which relates to the question as to whether it was appellant's cattle that committed the depredations.

The witness L. E. Thomas testified in part:

"Q. Do you know Mr. Andy Taylor, who works for the defendant, Mr. Marshall? A. That's right.

"Q. Mr. Thomas, on the 10th day of June, this year, do you remember Mr. Taylor and Mr. Story coming down to see you? A. Sure do.

"Q. On that occasion did Mr. Taylor make any statement to you in regard to his cattle and Mr. Story's corn? A. Yeah, I can tell you just what they said.

"Q. What did he say? * * *

"Q. Mr. Thomas, I will ask you if on that occasion Mr. Taylor told you he was in some trouble and wanted you to help them? A. That's right.

"Q. And I will ask you whether or not he told you * * * made the statement that our cattle got in Mr. Story's corn? A. Ate it up, that's what he said.

"Q. Ate it up. A. That's right."

It is without dispute that Mr. Taylor was appellant's foreman and lived on the premises where Mr. Marshall's cattle ranged and needless to say that this admission of Mr. Taylor, under all of the facts and surrounding circumstances, in addition to all of the other testimony tendered, is sufficient to sustain the answer of the jury to the effect that it was appellant's cattle that committed the depredations on appellee's corn. Much has been written on the question of the sufficiency of the evidence and as to the duty of the Courts of Civil Appeals when the sufficiency of the evidence is assailed. Our Supreme Court in a Per Curiam opinion in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661, announced this rule: "The question requires the Court of Civil Appeals, in the exercise of its peculiar powers under the constitution and Texas Rules of Civil Procedure Nos. 451, 453, and 455, to consider and weigh all of the evidence in the case and to set aside the verdict and remand the cause for a new trial, if it thus concludes that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust—this, regardless of whether the record contains some 'evidence of probative force' in support of the verdict. * * * The evidence supporting the verdict is to be weighed along with the other evidence in the case, including that which is contrary to the verdict."

It is true that Mr. Taylor, the foreman, denied the admission which we have above detailed, but in view of the testimony tendered as to his admission, plus all of the surrounding facts and circumstances concerning the factual situation detailed by the various witnesses, we cannot, under the application of the above rule, say that the testimony is insufficient to sustain the jury's verdict to the effect that the cattle belonged to appellant. We are of the further view that the recitation of the testimony in detail would not have any precedential value. Since the jury were the exclusive judges of the credibility of the witnesses and the weight to be given to

their testimony, we feel that further comment on the testimony tendered would be of no avail. Accordingly, Points 1 and 2 are overruled.

■ Going back to appellant's Points 3 and 4, we quote in full Special Issue No. 2 and the instructions given by the court:

"What do you find from a preponderance of the evidence to be the value, if any, of plaintiff's corn destroyed just as it stood on the ground at the time and place of its destruction? Answer in dollars and cents, if any.

"In connection with the foregoing issue you are instructed that in arriving at the value of the crop inquired about, you will take into consideration the probable yield of the crop and its reasonable market value when matured, less the cost of harvesting and marketing."

We find no exceptions to the court's charge. It is true that appellee in his pleadings set out that his seed corn cost him $20, and that he spent the further sum of $99 for "side dressing" fertilizer, and an additional sum of $102 for fertilizer, and that he paid the sum of $14 for labor in connection with cultivating the corn crop, and that he was out a total of $240 for plowing, planting and cultivating his crop. It is also true that appellant excepted to that portion of appellee's pleading as above set out and this exception was overruled by the court and the court permitted appellee to tender testimony in support of the foregoing items of expense.

Our Supreme Court in International & G. N. R. Co. v. Pape, 73 Tex. 501, 11 S.W. 526, 527, made the following pronouncements:

"* * * it seems to us that, as a general rule, the most satisfactory means of arriving at the value of a growing crop is to prove its probable yield under proper cultivation, the value of such yield when matured and ready for sale, and also the expense of such cultivation, as well as the cost of its preparation and transportation to market. The difference between the value of the probable crop in the market, and the expense of maturing, preparing, and placing it there, will in most cases give the value of the growing crop with as much certainty as can be attained by any other method. But proof of the additional amount of cotton which the plaintiff would have made but for the overflow, and the value of such cotton when ready for market, without evidence as to the expense of cultivating, gathering, preparing it for and placing it in market, did not show the value of the crop at the time of the injury, and hence did not afford the proper means of increasing the plaintiff's damage. The testimony, without the additional evidence of the expense of maturing the cotton and placing it in market, should have been excluded."

Our Supreme Court has not seen fit to change the rule there stated. See also Shell Pipe Line Corp. v. Harris, Tex.Civ. App., 68 S.W.2d 236 (no writ history), points 1–2 and cases there collated; 14 Tex.Dig., Damages, ■ 112; Schultz v. Harless, Tex.Civ.App., 271 S.W.2d 696 (no writ history).

■ Under the rule above stated, and because the measure of damages specified by the court in its charge was not challenged by exception or objection, appellant's Points 3 and 4 are overruled. See also Par. 2 of Rule 434 and Rules 271 to 279 incl., Texas Rules of Civil Procedure.

Finding no reversible error in this cause, the judgment of the trial court is in all things affirmed.

HALE, J., took no part in the consideration and disposition of this case.