**Carl TAUTENHAHN et al., Appellants,**

v.

**Charles DILLINGHAM et al., Appellees.**

No. 4132.

Court of Civil Appeals of Texas.

Waco.

April 18, 1963.

Rehearing Denied May 9, 1963.

M. S. Morgan, Joe J. Newman, Leonard Z. Finger, Houston, for appellants.

Irwin & Smith, W. B. Irwin, Jr., Galena-Park, Harold F. Thurow, Houston, Robert L. Whitmarsh, pro se, for appellees.

TIREY, Justice.

Plaintiffs brought this action for the legal services they rendered in the defense of a suit seeking to remove defendants, Tautenhahn, Whitmarsh and Ammons from their position as trustees of the Aldine Independent School District. (That case was appealed to the Houston Court of Civil Appeals and reached our Court on transfer. See Tautenhahn v. State of Texas, ex rel. Nichols, Tex.Civ.App., 334 S.W.2d 574, n. r. e.). This cause was tried to a jury and at the close of the evidence defendants, Moore, Allen and Stanley and the Aldine School District Taxpayers Association were granted an instructed verdict, and a dismissal was entered as to defendant, Ammons. On a verdict favorable to plaintiffs, the Court entered judgment in their behalf against Tautenhahn, Whitmarsh and Keitzman, and they perfected their appeal to the Houston Court and the cause is here on transfer.

The judgment is assailed on what appellants designate as 27 points. These points assert substantially that the evidence is insufficient to support the submission of each of the issues submitted to the jury; that the preponderance of the evidence does not support the findings of any of the issues, and that there is no evidence to support the submission of any of the issues or of the answers of the jury thereto. In appellants' brief they state: "Due to the type of assignment of error all will be treated together." And they have done so.

We have carefully considered the evidence tendered and we are of the view that it is sufficient to sustain the jury's verdict, and for that reason each of appellants' 27 points are overruled.

Since this Court passed upon the removal suit question it is needless for us to say that we have a vivid recollection of the tremendous amount of work that was done by the attorneys for defendants in the removal suit, and the amount of work done in that suit was detailed to some extent by the Hon. Thomas J. Stovall, Jr., who sat as a trial judge in the removal suit, out of which this controversy grew. Our duty as a reviewing court in cases of this kind is accurately stated in Marshall v. Story, Tex. Civ.App., 312 S.W.2d 597, n. w. h., and in the case of Golob v. Stone, Tex.Civ.App., 322 S.W.2d 560, n. r. e.

Accordingly the judgment of the trial court is

Affirmed.