Lynwood BOYETT, Appellant,

v.

Clarence E. ENDERS, Appellee.

No. 4882.

Court of Civil Appeals of Texas, Waco.

June 18, 1970.

Rehearing Denied June 18, 1970.

Bryan & Amidei, Ft. Worth, for appellant.

Donald Eastland, Hillsboro, for appellee.

## OPINION

WILSON, Justice.

Plaintiff recovered judgment on a jury verdict against the owner of cattle for damage to crops.

The jury found defendant's cattle damaged plaintiff's cotton, corn, wheat and maize crops in each of the years 1963, 1964, and 1965, and fixed the value of each crop "as it stood on the ground" at the time of the damage in each of the three years. The Court instructed the jury to consider additional cost of cultivation, harvesting and marketing in assessing the value of the crop. The court deducted plaintiff's actual receipts for the harvested crops. Judgment was rendered for $5,515.96.

Defendant makes no complaint concerning the charge or the measure of damages submitted. He presents 50 points, raising no-evidence questions. It will accomplish no precedential result to narrate the voluminous evidence which sustains the verdict, and with which the parties are completely familiar.

Damages for partial destruction of a growing crop are determined by proof of its "probable yield under proper cultivation, the value of such yield when matured and ready for sale, and also the expense of such cultivation, as well as the cost of its preparation and transportation for market. The difference between the value of the probable crop in the market, and the expense of maturing, preparing, and placing it there, will in most cases give the value

of the growing crop with as much certainty as can be attained by any other method". International & G. N. R. Co. v. Pape, 73 Tex. 501, 11 S.W. 526, 527; City of Amarillo v. Ware, 120 Tex. 456, 40 S.W.2d 57. See Trinity and S. Ry. Co. v. Schofield, 72 Tex. 496, 10 S.W. 575; Sabine & E. T. Ry. Co. v. Smith, 73 Tex. 1, 11 S.W. 123; City of Austin v. Howard, Tex.Civ. App., 158 S.W.2d 556, 563, writ ref.; Phillips Petroleum Company v. Terrel, Tex.Civ.App., 404 S.W.2d 927, 928. There is ample evidence of probative force to conform to the quoted test, and sustain the jury findings.

The real postulate which defendant seems to press is that the testimony of plaintiff's witnesses is weak, and their opinions are vulnerable; that they were irresolute and infirm on cross-examination; that their qualification to express opinion as to values was undermined; that evidence as to prospective production and expense was speculative, and a mere estimate. The effectiveness of the cross-examination by appellant's counsel appears to be reflected in the jury verdict; but the attacks now made on the evidence affect only its weight and credibility of the witnesses.

The very nature of the issue as to damages for partial destruction of a growing crop requires evidence which is only a sound "estimate" of what the crop would probably produce if well cultivated. City of Amarillo v. Ware, 120 Tex. 456, 40 S. W.2d 57, 62. "Considerable latitude should be allowed with respect to evidence admissible to prove the value of a crop which has been injured or destroyed". 25A C.J. S. Damages § 157, p. 55. "At best the result is only an estimate, and from the very nature of the question great liberality in making the proof must be allowed". Schultz v. Harless, Tex.Civ.App., 271 S. W.2d 696, 698. See Galveston, H. & S. A. Ry. Co. v. Harris, Tex.Civ.App., 216 S.W. 430, 434; Marshall v. Story, Tex.Civ.App., 312 S.W.2d 597; I Sutherland, Damages 191; 37 A.L.R.2d 967.

Since points relating to refusal of requested instructions are not briefed, they are waived.

There are no objections or requests concerning omitted special issues, and since there is evidence to support any necessary implied findings, they are deemed found in support of the judgment under Rule 279, Texas Rules of Civil Procedure. Wichita Falls & O. R. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79.

All points are overruled. Affirmed.