INTERNATIONAL HARVESTER COM-
PANY et al., Petitioners,

v.

Ray KESEY et al., Respondents.

No. B–3790.

Supreme Court of Texas.

Feb. 6, 1974.

On Rehearing March 27, 1974.

Grambling, Mounce, Deffebach, Sims, Hardie & Galatzan, Malcolm Harris, El Paso, W. F. Leigh, Pecos, for petitioners.

Stubbeman, McRae, Sealy, Laughlin and Browder, W. B. Browder, Jr., Midland, for respondents.

POPE, Justice.

Ray Kesey and C. J. Kesey, doing business as Kesey Brothers, instituted this suit against International Harvester Company and H. & M. Truck and Tractor Company for damages resulting from misrepresentations concerning four tractors that they purchased on December 1, 1965. The trial court rendered judgment on a jury verdict against both defendants for $1,900 for excessive repairs to the four tractors and for the sum of $35,000 for damages occasioned by the loss of crops. The trial court also rendered judgment against International Harvester for an additional $5,000 for punitive damages. The court of civil appeals reversed that part of the judgment which awarded punitive damages and rendered judgment for Kesey Brothers in all other respects. 487 S.W.2d 799. We affirm that part of the judgments below which awarded damages for the excessive repairs to the four tractors and also that part of the judgment of the court of civil appeals which denied plaintiffs' recovery of punitive damages. We reverse that part of the judgments of the courts below which awarded damages to Kesey Brothers for loss of crops.

Kesey Brothers were cultivating about 6,000 acres of land on five different farms during 1965 through 1968. They determined to purchase six-row equipment to replace their four-row equipment, and on December 1, 1965, they received four new tractors from the defendants. The equipment was defective. Kesey Brothers pleaded that they suffered crop losses in the amount of $100,000 as a result of the unfitness of the tractors and their inability to plant grain and properly cultivate their cotton.

We granted the writ in this case by reason of the uncertainty of proof by the Kesey Brothers of the extent of their damages. Kesey Brothers claimed that they would have planted more grain and harvested more cotton if the equipment had not been defective. Our discussion requires a separate treatment of the evidence concerning the grain and the cotton.

C. J. Kesey testified that they ordinarily planted in grain "from a couple of hundred acres up to eleven to fourteen or fifteen hundred acres every year," and that the grains may be maize, barley, oats or wheat. The closest approach to any measure of certainty was Kesey's testimony that only three hundred acres of grain were planted and there should have been a thousand or twelve hundred acres of grain. He did not state what kind of grain would have been planted nor its estimated probable yield or value.

As proof of the damages, Mr. Kesey was asked the question, "What is your opinion as to the amount of damages done to your crops by these breakdowns and by these shutdowns of these tractors?" Defendants objected to the question which called for a conclusion on the part of the witness, but the court overruled the objection. Mr. Kesey then testified that "a real conservative estimate òf the damages" was "over a hundred thousand dollars." He then explained that "[a]nybody could make forty

or fifty dollars an acre on small grain if they have any luck at all." Counsel for plaintiffs asked Ray Kesey his opinion about the value of the lost crops which resulted directly from the breakdowns of the four tractors, and his answer was "By considering everything involved, I think you would be very conservative at a hundred thousand dollars . . . . We know about what we can make in profit on grains and so on. We know what cotton brings and when you add all of this up, you come up to more than that figure." In the case of grain, Kesey Brothers failed to prove whether they would probably have planted and produced grain on two, three or fifteen hundred acres of land. They did not prove their probable yield or value.

■ In the case of cotton, Kesey Brothers proved that all their cotton was planted, but its yield was less than they expected. They supplied no factual data about the probable yield if there had been no defective machinery employed in the cultivation of the crops. They did not testify about the value of cotton per pound or per bale, nor did they by any other factual information afford a basis to assess damages. They testified that the usual cost per acre of production of cotton was "at least" two hundred dollars. How much more is a matter of speculation. Plaintiffs, no doubt, possessed the facts concerning their operations and the probable yield and probable values as well as their expenses, but they did not prove these facts.

■ The general rule for assessing damages for crop losses, as expressed in a number of Texas precedents, is "the market value of the lost portion of his crop, as measured at maturity of the crop, less the cost he would have had in harvesting and marketing the lost portion." D. Dobbs, Law of Remedies 325 (1973); C. McCormick, Law of Damages § 126 (1935). While this rule has been departed from in some jurisdictions and in particular in-stances, it is the general rule in Texas. As stated in the case of International & G. N. R. Co. v. Pape, 73 Tex. 501, 11 S.W. 526, 527 (1889), "the most satisfactory means of arriving at the value of a growing crop is to prove its probable yield under proper cultivation, the value of such yield when matured and ready for sale, and also the expense of such cultivation, as well as the cost of its preparation and transportation to market. The difference between the value of the probable crop in the market, and the expense of maturing, preparing, and placing it there, will in most cases give the value of the growing crop with as much certainty as can be attained by any other method." See also, City of Amarillo v. Ware, 120 Tex. 456, 40 S.W.2d 57 (1931); Boyett v. Enders, 456 S.W.2d 701 (Tex.Civ.App.1970, no writ); Raywood Rice Canal & Milling Co. v. Langford Bros., 32 Tex.Civ.App. 401, 74 S.W. 926 (1903, writ ref'd).

■■ The law does not demand perfect proof of damages for crop losses but liberally permits estimates of the value and probable yield of crops as well as the expense of cultivating and putting them on the market. Boyett v. Enders, *supra*; Schultz v. Harless, 271 S.W.2d 696 (Tex. Civ.App.1954, no writ); 25A C.J.S. Damages § 157, at p. 55 (1966); C. McCormick, Law of Damages §§ 26, 27 (1935). The law's requirement, however, that crop losses must be established with reasonable certainty, demanded that Kesey Brothers prove the factual data which supported their claim to lost profits. Southwest Battery Corp. v. Owen, 131 Tex. 423, 115 S.W.2d 1097 (1938); International & G. N. R. Co. v. Pape, 73 Tex. 501, 11 S.W. 526 (1889); Hall v. Brown, 398 S.W.2d 404 (Tex.Civ.App.1966, no writ); Pan-Am Foods, Inc. v. Perez, 386 S.W.2d 316, 322 (Tex.Civ.App.1965, writ ref'd n.r.e.); Schoenberg v. Forrest, 253 S.W.2d 331 (Tex.Civ.App.1952, no writ); Silberstein v. Laibovitz, 200 S.W.2d 647 (Tex.Civ. App.1947, no writ); Wichita Valley Ry.

Co. v. Martin & Walker, 219 S.W. 559 (Tex.Civ.App.1920, no writ); see also Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79 (1940); 17 Tex.Jur.2d, Damages § 229 (1960).

The judgment of the court of civil appeals is affirmed except with respect to that part which awarded judgment for the plaintiffs for lost crops. That portion of the judgment is reversed. The cause, as to crop losses, if any, is severed and is remanded to the trial court for trial in accord with this opinion.

DANIEL and JOHNSON, JJ., concur in the result.

McGEE, J., notes his dissent.

## ON REHEARING

■ International Harvester and H. & M. Truck and Tractor Company urge in their motion for rehearing that the issues concerning their liability for excessive repairs to the farm machinery are so interwoven with the claims against them for crop damages that we should reverse the entire judgment and remand the whole cause for another trial. We conclude that this part of the motion for rehearing should be granted, since the condition of the machinery also materially affects the Kesey Brothers' claim for crop losses. We accordingly grant that part of the motion for rehearing but otherwise overrule it. Iley v. Hughes, 158 Tex. 362, 311 S.W.2d 648, 85 A.L.R.2d 1 (1958); Texas Employers' Ins. Ass'n v. Lightfoot, 139 Tex. 304, 162 S.W.2d 929 (1942).

The judgment which this court rendered on February 6, 1974, is set aside. The judgments of the courts below are reversed, and the entire cause is remanded to the trial court.

McGEE, J., notes his dissent.