Abney 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00441-CV







The Abney Group, Inc., Appellant



v.



Robert W. Robson and Master Graphics Finishing Co., Inc., Appellees







FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY


NO. 227,416, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING 








 After a judge-only trial, the trial court rendered judgment that Abney Group, Inc., take
nothing by its suit against its landlords, Robert W. Robson and Master Graphics Finishing Co. (collectively
"Robson"), and that they recover damages and attorney's fees from Abney. We will affirm the judgment
that Abney take nothing by its suit against Robson and Master Graphics. We will reverse the judgment
against Abney and render judgment that Robson and Master Graphics take nothing by their counterclaim
against Abney.



THE CONTROVERSY


 Abney was a month-to-month tenant in possession of certain space in a warehouse, having
succeeded a previous tenant to whom Robson leased the space under an agreement that the tenant pay
monthly $880 in rent and one-third of the utility expenses. (1)
 Abney paid Robson monthly on the same basis
after entering into possession; Robson accepted the payments for a time while negotiating with Abney for
a greater sum as a monthly rental and for payment of half the utility expenses. The negotiations failed. 
Robson demanded Abney leave the premises by August 1, 1995. Before that day, Robson changed the
locks on the drive-through gate in a fence surrounding the warehouse. He locked the gates on the nights
of July 25 and 26, 1995. Abney left the premises by the required date. He sued Robson for money
damages in the statutory cause of action authorized by section 93.002(g) of the Property Code, a statute
we will discuss below. See Tex. Prop. Code Ann. § 93.002(g) (West 1995). Robson counterclaimed
against Abney, alleging alternative causes of action: (1) a cause of action for breach of an alleged oral
contract in which Abney agreed to pay Robson monthly a rental of $1,100 and half the utility expenses;
and (2) an action on an implied contract or in quantum meruit in which Robson claimed $1,800 per month
and half the utility expenses as the reasonable value of the space and utilities furnished Abney.



THE TRIAL-COURT JUDGMENT


 The judgment below finds and orders as follows: (1) Robson did not exclude Abney from
the premises within the meaning of section 93.002(g) of the Property Code and Abney therefore takes
nothing by its claim against Robson; (2) Robson takes nothing by his counterclaim for rent because the
court "finds that credible evidence supports monthly rent of" $880; (3) Robson recovers on his counterclaim
against Abney for "one third of the utilities owed from January 1995 to and including July 1995 in the
amount of $803.41;" and (4) Robson recovers from Abney "attorney's fees in the amount of $6,375.00."


 The judgment is not altogether clear as to the basis for the relief it awards Robson. Robson
did not allege a cause of action to recover one-third of the utility expenses from January 1995 to and
including July 1995; each of his actions claimed damages equal to one-half of the utility expenses for the
period. The award equal to one-third of the utility expenses ($803.41) is consistent only with the
undisputed evidence that Abney paid and Robson accepted for a time one-third of the utilities expenses
as a month-to-month tenant, which was the percentage paid by Abney's predecessor.

 We interpret the judgment to mean the court adjudged that Abney's entire time in
possession was governed by an oral agreement under which Abney paid and Robson accepted $880 as
a monthly rental and various sums in payment of one-third of the monthly utility expense, but that Abney
failed to pay some part of the agreed one-third of the utility expenses for the period "January 1995 to and
including July 1995 in the amount of $803.41." This appears to be the only reasonable construction of the
judgment in light of the record. We will proceed accordingly.



ABNEY'S CAUSE OF ACTION


 In Abney's first point of error, it complains the trial court erred in failing to find the elements
of its statutory cause of action under section 93.002(c) of the Property Code. We construe the point of
error and argument thereunder as a contention that Abney proved conclusively the elements of the statutory
cause of action and resulting damages. (2) Section 93.002(c)(3) provides as follows:



(c) A landlord may not intentionally prevent a tenant from entering the leased premises
except by judicial process unless the exclusion results from:

 

 (1) bona fide repairs, construction or an emergency;

 

 (2) removing the contents of premises abandoned by a tenant; or 

 

 (3) changing the door locks of a tenant who is delinquent in paying at
least part of the rent.



Tex. Prop. Code Ann. § 93.002(c) (West 1995)

 The pertinent evidence is essentially undisputed. Robson admitted he put new locks on the
drive-through gate, but testified without contradiction that he never changed the locks to the office, through
which one could enter the warehouse. Paul Abney, an officer of the Abney corporation, admitted his
employee Chris Belcher had a key to the office at all times. Robson testified as well that he slept in the
office building on the premises during the two nights in question and no one came to the office to request
that he open the gate; and, he would have done so had such a request been made by an Abney
representative. 

 Depending on what the contract actually provided, changing the locks on the gates may
have given rise to a contract dispute over the restriction of Abney's contractual right of access to the
warehouse. The evidence does not conclusively show, however, an "actual physical denial of a tenant's
right of entry" as contemplated by section 93.002(c)(3) of the Property Code. See Michaux v. Koebig,
555 S.W.2d 171, 176 (Tex. Civ. App.--Austin 1977, no writ) (emphasis added) (construing pre-code
statute Tex. Rev. Civ. Stat. art. 6236(c)). We hold accordingly and overrule Abney's first point of error.



ROBSON'S COUNTERCLAIM


 In Abney's second point of error, it complains there is no evidence to support the trial-court
judgment awarding Robson recovery of $803.41 as damages for Abney's failure to pay one-third of the
utility expenses for the period specified in the judgment.

 We will summarize the evidence pertaining to utility expenses. Abney had been in
possession for a time paying the $880 monthly rental and one-third of utility expenses as Robson presented
statements for such expenses. Robson accepted the payments while negotiating new terms with Abney. 
In a letter received by Abney dated July 1, 1995, Robson proposed new terms requiring Abney to pay a
$1,100 monthly rental and half the utility expenses. The letter recited that Robson had paid more than one-third of the utility expenses since Abney entered into possession and that Abney might, in lieu of reimbursing
Robson for a share of the utility expenses, put in its own electric meter. The letter ended with Robson's
demand that Abney vacate the premises by August 1, 1995, if Abney did not agree to the proposed
contract terms. Abney rejected the proposed terms and moved from the premises.

 Attached to the letter dated July 1, 1995, was Robson's invoice in the amount of $1,153.36
for "Electric Bill 4/10/95-6/8/95." Implicitly the invoice referred to Abney's tenancy and electric utility
expenses, but nothing in the evidence indicates the $1,153.36 was owing and unpaid at the date of trial
because not within the amounts paid previously by Abney for one-third of the utilities.

 In connection with Robson's counterclaim for damages based on either an express contract
to pay half the utility expenses or an implied contract to pay the fair and reasonable value of utilities
furnished, Robson introduced in evidence without objection a document entitled "Damage Mr. Abney Has
Caused Mr. Robson." The document shows Robson concluded that his damages, in the matter of utility
expenses, were equal to one-half the amount of the utility expenses and that the half was fair and
reasonable. The document sets out Robson's conclusions as follows for the period "1/95 through 7/95 less
amounts paid:"



$2,266.36 one-half utilities

+ 203.00 one-half garbage pick up

$2,469.36 due

- 919.70 amount paid

$1,549.66 damages



This document is the sole item of evidence from which the trial court could have inferred that Abney owed
any sum as utility expense, be it one-half or one-third of such expense. (3) This document is also the only item
of evidence from which one might infer what the total amount of utility expenses were for the January 1995-July 1995 period stated in the judgment. 

 The document entitled "Damage Mr. Abney Has Caused Mr. Robson" does not purport
to be a record of a contemporaneous transaction, as in the case of an account book. Robson prepared
it for the trial; it reflects only his conclusions.

 Robson was required to prove with reasonable certainty the amount Abney owed for utility
expense at the time of trial. The requirement of reasonable certainty demanded that Robson prove the
factual data that supported his claim, International Harvester Co. v. Kesey, 507 S.W.2d 195, 197 (Tex.
1974), because a recovery of damages may not rest upon conjecture or speculation. In determining
whether the evidence supports damages, any conclusions of a witness must be rejected. Harrell v. F.H.
Vahlsing, Inc., 248 S.W.2d 762, 773 (Tex. Civ. App.--San Antonio 1952, writ ref'd n.r.e.). We may
not, therefore, consider as supporting evidence the document entitled "Damage Mr. Abney Has Caused
Mr. Robson." On that ground we sustain Abney's second point of error.

 Even if we consider the document as supporting evidence, it is self-evident that the factual
data stated therein does not show with reasonable certainty the amount of damages found by the trial court
in a case where simple testimony would have furnished such certainty. Manipulating the amounts shown
on the document does not permit one to ascertain how the trial court concluded that Abney was indebted
to Robson for utility expenses at the time of trial in an amount approximating $803.41 for the period
indicated in the judgment, based upon a liability for one-third of the expenses as found in the judgment. 

 The total amount of utility expenses for the period, inferable from the document, is
$4,532.72 or double the sum ($2,266.36) shown in the document as one-half the expense for such period. 
One-third of the $4,532.72 total is $1,510.91. If Abney's entire payment of $919.70, shown in the
document, is deducted from the $1,510.91, the remainder owing is $591.21, or a sum $212.20 less than
the $803.41 found by the trial court as the amount due and owing by Abney at the time of trial for one-third
of the utility expenses for the period. 

 If the trial court deducted only part of Abney's $919.70 payment from the one-third figure
of $1,510.91, the evidence does not show what the deducted part represents, its relation to the period
January 1995 through July 1995, or the legal basis for deducting it. We conclude, therefore, that there is
no evidence to support the trial-court determination that Abney was indebted to Robson at the time of trial
in the amount of $803.41 as a sum equal to one-third of the utility expenses incurred by Robson for the
period January 1995 to July 1995 inclusive. We hold accordingly and sustain Abney's second point of
error.



ATTORNEY'S FEES


 In Abney's third point of error, it assails the trial court's award of attorney's fees to Robson
in the amount of $6,375.00. The award rests upon the authorization for such fees in contract actions,
whether the contract is oral or written, as set out in section 38.001 of the Texas Civil and Practice
Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 1986). Because we have
sustained Abney's second point of error, Robson is not a prevailing party and not entitled to attorney's fees
under the section. See Victoria Air v. Southwest Texas Mechanical Insulation Co. 850 S.W.2d 720,
725 (Tex. App.--Corpus Christi 1993, writ denied). We therefore sustain Abney's third point of error.

 For the reasons given, we affirm the trial-court judgment that Abney take nothing by its
statutory cause of action against Robson. We reverse the trial-court judgment awarding Robson recovery
on his counterclaim against Abney in the amount of $803.41 together with $6,375.00 for statutory
attorney's fees; and we render judgment that Robson and Master Graphics take nothing in that regard. See
Tex. R. App. P. 81(c).



 John Powers, Justice

Before Justices Powers, Aboussie and Jones

Affirmed in Part; Reversed and Rendered in Part

Filed: December 19, 1996

Do Not Publish
1.   For convenience, we will refer hereafter to Robson as if he were the sole landlord.

2.   See Tex. R. App. P. 74(d), (p); Pool v. Ford Motor Co., 715 S.W.2d 629, 633 (Tex. 1986);
Holley v. Watts, 629 S.W.2d 694, 696 (Tex. 1982). If any evidence in the record supports the
judgment and opposes the evidence Abney contends is conclusive, we must affirm the judgment. See
William Powers, Jr. and Jack Ratliff, Another Look at "No Evidence" and "Insufficient Evidence,"
69 Tex. L. Rev. 515, 523 (1991); see also, National Farmers Union Property & Cas. Co. v.
Degollo, 844 S.W.2d 892, 895-96 (Tex. App.--Austin 1994, no writ).
3.   As discussed above we construe the trial-court judgment as implicitly denying Robson
recovery on his counterclaim for half the utility expenses during the period January 1995 through
July 1995, inclusive, because the judgment expressly orders a recovery equal to one-third of the utility
expenses for the period. 



d by the trial court
in a case where simple testimony would have furnished such certainty. Manipulating the amounts shown
on the document does not permit one to ascertain how the trial court concluded that Abney was indebted
to Robson for utility expenses at the time of trial in an amount approximating $803.41 for the period
indicated in the judgment, based upon a liability for one-third of the expenses as found in the judgment. 

 The total amount of utility expenses for the period, inferable from the document, is
$4,532.72 or double the sum ($2,266.36) shown in the document as one-half the expense for such period. 
One-third of the $4,532.72 total is $1,510.91. If Abney's entire payment of $919.70, shown in the
document, is deducted from the $1,510.91, the remainder owing is $591.